# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**LANETTE BEARD**                                                                               **PLAINTIFF**

**v.**                        **CASE NO. 4:09cv00760 BSM**

**MARK DIAMOND, KEVIN
STONE, and KEVIN STONE
ANTIQUES, INC.**                                                        **DEFENDANTS**

## ORDER

Defendants, Mark Diamond, Kevin Stone, and Kevin Stone Antiques, Inc. ("defendants"), move to dismiss, stay or transfer this case to the Eastern District of Louisiana where a separate lawsuit concerning the same set of facts is pending. [Doc. No. 5]. Plaintiff has responded. [Doc. No. 9]. The motion is granted.

The question presented is whether this case should be tried in the Eastern District of Arkansas or in the Eastern District of Louisiana. Plaintiff, who filed her lawsuit in Arkansas before defendants filed suit in Louisiana, argues that the "first to file" rule should apply. Defendants, however, disagree. The "first to file" rule generally holds that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.

Defendants, who have requested dismissal, a stay or transfer to the Eastern District of Louisiana, assert that, although courts generally follow the "first to file" rule, the rule should not be applied for a number of reasons. First, it is not set in stone. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (holding that the rule is

"not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration"). Second, plaintiff's filing in Arkansas state court was a bad faith attempt at forum shopping, done during settlement negotiations in anticipation of litigation. *See Boatmen's First Nat'l Bank of Kansas City v. Kan. Pub. Employees Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995) (departure from first to file rule is warranted when: (1) the first to file did so in anticipation of the opposing party's lawsuit; (2) the first to file did so in bad faith; (3) the party filing first filed an action for declaratory judgment; or (4) the first to file inappropriately raced to the courthouse after the other party gave notice of its intention to sue); *see also Daimler-Chrysler Corp. v. Gen. Motors Corp.*, 133 F.Supp. 2d 1041 (N.D. Ohio 2001). Defendants assert that because the first to file rule is inapplicable, the instant case should be stayed, dismissed, or transferred to the Eastern District of Louisiana.

According to defendants, settlement negotiations took place between August 7, 2009 and September 8, 2009. A formal demand letter was sent to plaintiff's counsel on August 10, 2009, with a response deadline of September 10, 2009. On September 1, 2009, defense counsel sent plaintiff's counsel a letter stating "If [Ms. Beard] has no intention of complying with the demand, I would appreciate your professional courtesies in letting us know so that we can institute the necessary legal proceedings." Plaintiff's counsel called defense counsel on September 6, 2009, a Sunday, stating that he would contact defense counsel by September 14, 2009 to resolve the matter. Plaintiff filed suit in Arkansas state court on September 9, 2009, and defendants were served on September 12, 2009. The case was removed to federal court on September 22, 2009. Before being served with the Arkansas state court action, and

2

without knowledge of it, defendants filed a complaint on September 11, 2009, in the United States District Court for the Eastern District of Louisiana.

In response to defendants' motion, plaintiff first asserts that defendants have not overcome the first to file rule. Plaintiff argues that she is not seeking only a declaratory judgment, but also requests that the terms of the contract between the parties be enforced. Plaintiff's counsel denies calling defense counsel on September 6, 2009, and seems to also deny that there was ever a final deadline set for settlement negotiations. Secondly, plaintiff argues that if this court declines to follow the first to file rule, transfer of this case would be inappropriate. Many factors are examined when deciding whether to transfer a case under 28 U.S.C. § 1404. Plaintiff points to: (1) the convenience of the witnesses; (2) the location of relevant documents; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forums' familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forums; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. According to plaintiff, none of the factors guiding the decision of transfer weigh heavily in support of transferring the case. Plaintiff specifically directs the court's attention to the fact that the "res," the collection of antiques at issue, is located in Arkansas.

Because of plaintiff's bad faith, the first to file rule will not be applied, and the case is transferred to the Eastern District of Louisiana. "Courts follow a 'first to file' rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches

has priority to consider the case." *Orthmann*, 765 F.2d at 121. The first to file rule should be applied "in the absence of compelling circumstances." *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). In *Boatmen's*, the Eighth Circuit recognized two "red flags," that might signal compelling circumstances: "first, that the 'first' suit was filed after the other party gave notice of its intention to sue; and, second, that the action was for declaratory judgment rather than for damages or equitable relief." 57 F.3d at 641.

It is clear, based on the demand letter that plaintiff received from defendants, plaintiff was aware that defendants would file suit if a resolution was not reached by September 10, 2009. The letter clearly states "[i]f [this arrangement is not acceptable to your client], or if the items specified above are not received by September 10, 2009, [Kevin Stone Antiques] will have no choice but to institute legal proceedings against Ms. Beard to recover the amounts owed, plus interest and court costs." Additionally, plaintiff's counsel communicated to defense counsel that he would contact her concerning a resolution on September 14, 2009, only to then file suit in an Arkansas state court on September 9, 2009. Defendants have attached an e-mail sent from defense counsel's legal assistant to defense counsel conveying the voicemail left by plaintiff's counsel on Sunday, September 6, 2009. It is apparent from the record that plaintiff filed her suit in bad faith, in anticipation of litigation.

Contrary to plaintiff's contention, the record supports transfer to the Eastern District of Louisiana. The mere fact that the antiques are located in Arkansas is not sufficient to keep this case in the Eastern District of Arkansas. Indeed, the 28 U.S.C. § 1404 factors laid out

4

by plaintiff actually lend weight to the decision to transfer the case to the Eastern District of Louisiana.

Accordingly, defendants' motion [Doc. No. 5] is granted. The Clerk of the Court is directed to immediately transfer this case to the Eastern District of Louisiana.

IT IS SO ORDERED this 20th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE